IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**COREY LEON RANKINS, #141674**                          **PETITIONER**

v.                                                    **CIVIL NO. 1:17-cv-74-HSO-LRA**

**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS, ET AL.**                                          **RESPONDENTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before Court sua sponte for consideration of dismissal. After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

I.      BACKGROUND

Pro se Petitioner Corey Leon Rankins ("Petitioner") brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is an inmate of the Mississippi Department of Corrections housed at the South Mississippi Correctional Institution in Leakesville, Mississippi.

On March 20, 2017, the Court entered an Order [2] directing Petitioner to file a completed *in forma pauperis* application or pay the required $5.00 filing fee. The Order [2] required Petitioner to comply with the Order on or before April 19, 2017. The Order [2] warned Petitioner that his failure to timely comply with the Order may lead to the dismissal of his case. Petitioner did not file the required documentation or pay the filing fee or otherwise respond to this Order.

On May 3, 2017, the Court entered an Order to Show Cause [3] requiring that Petitioner, on or before May 17, 2017: (1) file a written response, showing cause why this case should not be dismissed for Petitioner's failure to comply with the Court's prior Order; and (2) comply with the Court's Order [2] by filing a completed application to proceed *in forma pauperis* or by paying the filing fee.  Order [3] at 1. Petitioner was cautioned that his "failure to timely comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by the Petitioner and will result in this cause being dismissed without further notice to the Petitioner." *Id*.  Petitioner did not file the required documentation or pay the filing fee or otherwise respond to this Order.

Since Petitioner is proceeding pro se, he was provided one final opportunity to comply with the Court's Orders.  On May 31, 2017, the Court entered a Final Order to Show Cause [4].  The Order [4] directed that on or before June 14, 2017, Petitioner: (1) file a written response, showing cause why this case should not be dismissed for Petitioner's failure to comply with the Court's previous Orders; and (2) comply with the Court's previous Orders by filing a completed application to proceed *in forma pauperis* or by paying the filing fee.  Order [4] at 1-2.  Petitioner was again warned that his "failure to timely comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by the Petitioner and will result in this cause being dismissed without further notice to the Petitioner." *Id*. at 2.  Petitioner did not file the required documentation or pay the filing fee or otherwise respond to this Order.

## II. DISCUSSION

This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestions in the calendars" of the Court. *Id*. at 629-30.

Petitioner did not comply with three Court Orders even after being warned that failure to do so would result in the dismissal of his case. Order [2] at 1; Order [3] at 1; Order [4] at 2. Petitioner has not contacted the Court since the filing of this action on March 15, 2017. Such inaction presents a clear record of delay or contumacious conduct by Petitioner. It is apparent that Petitioner no longer wishes to pursue this case. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

## III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

3

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 28th day of June, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE